UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SANDRA LEE, ) | |
|     PLAINTIFF, ) | |
| ) | |
|     v. ) | Case No. 17-cv-00500 |
| RUBIN LUBLIN TN, PLLC, and ) | |
| BANK OF AMERICA, NA, ) | |
|     DEFENDANTS. ) | |

## RESPONSE TO MOTION TO DISMISS

Plaintiff, Sandra Lee, by and through counsel, hereby files his Response to Bank of America, NA ("BOA") and Rubin Lublin TN, PLLC's ("Rubin Lublin") Motions to Dismiss (Doc 10 & 12). In support of this Response Ms. Lee relies upon her Motion for Leave to File Amended Complaint (Doc. 23), and its attached proposed complaint, and the following:

1) The Motions and Memorandums filed by the Defendants are virtually the same. And as seen in previous filings, both attempt to confuse this Court with unrelated cases. As seen over and over, the Defendants conveniently neglect to acknowledge that Ms. Lee was <u>not a party</u> in any case with Mr. Kantz related to the faked February 20, 2014 foreclosure sale, and the later August 26, 2014 sale. She was not a party *because* the Defendants choose <u>not</u> to give her notice of the default, acceleration and/or the foreclosure sales. She was not a party and did not have an opportunity to advance her case – and therefore to actions, ruling, and other actions in the Kantz matters is *irrelevant* to <u>Mr. Lee'</u>s case.

2) Ms. Lee had rights under the Note and Deed of Trust which have never been extinguished. She STILL have rights and obligations under these documents which BOA seek to enforce even now. The Defendants have misstated basic real estate law and contract law by

trying to say Ms. Lee's ownership of the property in2014 is relevant to her rights under the Note and Deed of Trust entered in to in 2007. Ms. Lee still owes the Note holder, and she still has duties under the Note and Deed of Trust. Bank of America also had obligations under the Note and Deed of Trust, and those obligations included at duty to follow the Deed of Trust's express sale provisions as written. Under the Note, BOA had a duty to sell the property, collect the sale proceeds, and apply these proceeds to the indebtedness. BOA has admitted in open court the buyer Freddie Mac never paid for the property – admitting this was all a shame.

       3) Ms. Lee has amended her complaint to removed her claim under the Tennessee Consumer Protection Act based on the related Sixth Circuit decision and cure any alleged deficiencies; and,

       4) The contemporaneously filed Memorandum in support of Mr. Kantz's response to the Motion to Dismiss.

       Therefore Mr. Kantz prays:

       1. That the Court deny the Motion to Dismiss; and,

       2. For whatever relief is equitable and just.

Respectfully submitted:

\_\_\_/s/\_\_James D. R. Roberts, Jr.\_\_
James D. R. Roberts, Jr, BPR# 017537
Brian I. Long, BPR# 32761
Creditor Law Center
(*Fmr.* Roberts & Associates)
1700 Hayes Street, Suite 201
Nashville, Tennessee 37203
(615) 242-2002 office
(615) 242-2042 facsimile
Jim.Roberts@CreditorLawCenter.com
www.CreditorLawCenter.com
Attorneys for Sandra Lee

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing motion has been sent by ECF to:

Ms. Heather Wright
Bradly Arant Boult Cummings
1600 Division Street, Suite 700
Nashville, Tennessee 37203-0025

H. Buckley Cole
HALL BOOTH SMITH P.C.
Fifth Third Center
424 Church Street, Suite 2950
Nashville, Tennessee 37219


On this the April 20, 2017.